UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

          Plaintiff,

v.                                      Criminal Case No. 14-20191
                                     Honorable Linda V. Parker

ERVIN ALLEN,

          Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

On May 13, 2020, this Court issued an opinion and order denying Defendant's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 80.) In that decision, the Court *inter alia* struck two of Defendant's amended § 2255 motions, concluding that he filed them beyond the one-year statute of limitation and that they did not relate back to Defendant's initial petition. (*Id.* at Pg ID 573-77.) The Court also rejected Defendant's claim that his Hobbs Act conviction no longer qualifies as a crime of violence under 18 U.S.C. § 924(c). (*Id.* at Pg ID 596-97.) The matter is presently before the Court on Defendant's motion for reconsideration with respect to those two holdings, filed pursuant to Federal Rule of Civil Procedure 59(e) on July 8, 2020. (ECF No. 82.)

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Sixth Circuit's "'cases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive.'" *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014)). *Black's Law Dictionary* defines "manifest injustice" as "[a] direct, obvious, and observable error …." *Black's Law Dictionary* (11th ed. 2019). As one district court has observed, while

> "no general definition of manifest injustice has ever been developed . . . [w]hat is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."

*McDaniel v. Am. Gen. Fin. Services, Inc.*, No. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*,

2

554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("'A motion under Rule 59(e) is not an opportunity to re-argue a case.'").  "'A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

In his Rule 59(e) motion, Defendant first argues that his amended § 2255 motions relate back to his original motion and therefore should not have been stricken.  Defendant, however, does not demonstrate an error of law, newly discovered evidence, or an intervening change in the controlling law with respect to the Court's determination that the ineffective assistance of counsel claims asserted in his amended motions are based on distinct types of attorney malfeasance from the claims asserted in his original motion.  As Defendant filed his amended motions well-beyond the applicable limitations period and they do not relate back to his initial motion, the Court finds no error in its conclusion that they are time-barred.

Defendant also argues that his Hobbs Act conviction no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c) following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  In *Davis*, the Court held that the definition of "crime of violence in the residual clause of § 924(c) is unconstitutionally vague.  But *Davis* has no application in this case where Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. *United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017)).

## Conclusion

For the reasons set forth above, the Court is denying Defendant's Rule 59(e) motion.  Defendant cannot appeal this decision unless he first obtains a certificate of appealability under 28 U.S.C. § 2253.  See Fed. R. App. P. 22(b)(1).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires Defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) [his motions] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).   The court is satisfied that jurists of reason would not find its

4

ruling debatable. A certificate of appealability is therefore not warranted in this case.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration under Rule 59(e) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

                                         s/ Linda V. Parker
                                         LINDA V. PARKER
                                         U.S. DISTRICT JUDGE

Dated: August 11, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 11, 2020, by electronic and/or U.S. First Class mail.

                                         s/ R. Loury
                                         Case Manager