UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Case No. 14-20191
                                      Honorable Linda V. Parker

ERVIN ALLEN,

    Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF NO. 87] AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE PLEADING UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 15(d) [ECF NO. 90]**

On May 5, 2015, Defendant Ervin Allen pleaded guilty pursuant to a Rule 11 plea agreement to use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and Hobbs Act robbery in violation of 18 U.S.C. § 1951.  This Court sentenced Defendant to a term of imprisonment of 228 months on October 27, 2015.  Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582 on August 24, 2020 (ECF No. 87), and a supplemental brief in support of the motion on September 2, 2020 (ECF No. 88). After the Court appointed counsel to assist Defendant, counsel filed another supplemental brief in support of Defendant's motion.  (ECF No. 91).  The Government opposes Defendant's request.  (ECF No. 95.)  Defendant also has filed

a pro se motion titled "Motion for Leave to File Pleading Under Federal Rules of Criminal Procedures 15(d) Pursuant to Extraordinary and Compelling Reason and Prevention of Manifest Unjustice." (ECF No. 90.)

## Defendant's Motion for Leave (ECF No. 90)

On September 15, 2020, Defendant filed a pro se motion in which he asks to supplement his motion for compassionate release. While leave to amend should be freely given, *see* Fed. R. Civ. P. 15, the arguments Defendant asserts in this motion are not relevant to his request for compassionate release. Rather they are arguments asserted in support of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Specifically, Defendant asserts that he did not knowingly and voluntarily plead guilty, the plea agreement violated the United States Sentencing Guidelines, and his counsel did not adequately advise him regarding his plea and sentence. (ECF No. 90 at Pg ID 731-32.) Defendant seems to understand that these are arguments to be asserted in a § 2255 motion, as he cites the standard for amending such a pending motion early in his proposed amendment. (*Id.* at Pg ID 726.) Defendant previously filed a § 2255 motion, which this Court denied on August 11, 2020. (ECF No. 80.) The Court therefore is denying his motion for leave.

## Defendant's Motion for Compassionate Release

### Applicable Law

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. Section 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant has properly exhausted all administrative remedies. Nor does the Government dispute that Defendant's chronic kidney disease, which places him at increased risk of a serious outcome if he contracts COVID-19, constitutes an extraordinary reason for

release.[1] The Government argues, however, that the reason is not "compelling" and the § 3553(a) factors do not support Defendant's release.

## Analysis

While Defendant's chronic kidney disease places him at increased risk of serious outcomes if he contracts COVID-19, which in this Court's view constitutes an extraordinary *and* compelling circumstance, the Court concludes that releasing him at this time would pose a danger to the community. The factors in § 3353(a) also do not support Defendant's release.

Defendant has served less than half of his 19-year sentence. Further, Defendant's convictions arose from a string of armed robberies of gas stations or convenience store, during which he brandished a weapon—a firearm in all but one where he used a knife. He threatened store employees and customers. He pointed his weapon at them and during one robbery told an employee that he was going "to die at work" and that Defendant would kill him.

Defendant had no felony record when he committed the instant offenses. However, within an approximate one-month period, he engaged in a series of six armed robberies leading to his current convictions. Granting Defendant's request

---

[1] Defendant also claims to suffer from borderline obesity, hypertension, anxiety disorder, and post traumatic stress disorder. At this time, the Court finds it unnecessary to assess whether these conditions constitute extraordinary and compelling circumstances.

4

for early release at this time would neither "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a).

Accordingly,

**IT IS ORDERED** that Defendant's motion for leave (ECF No. 90) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for compassionate release (ECF No. 87) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 28, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 28, 2021, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager