UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Criminal Case No. 14-20191
                                            Honorable Linda V. Parker

v.

ERVIN ALLEN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION REQUESTING POSTPONEMENT OF RESTITUTION PAYMENTS (ECF NO. 97)

On May 5, 2015, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to the use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and Hobbs Act robbery in violation of 18 U.S.C. § 1951. On October 27, 2015, this Court sentenced Defendant to a term of imprisonment of 228 months. (ECF No. 47.) As part of its Judgment, the Court also ordered Defendant to pay restitution in the amount of $14,106.83. (*Id.* at Pg ID 254.) The matter is presently before the Court on Defendant's Motion Requesting Postponement of Restitution Payments, filed February 24, 2021. (ECF No. 97.) The Government filed a response to the motion on March 26, 2021. (ECF No. 99.)

In his motion, Defendant asks the Court to "pause" the payments he is making toward the imposed monetary penalties "[d]ue to financial hardships." (ECF No. 97.) Defendant indicates that he was previously paying $25.00 quarterly but is now required to contribute half of his paycheck from his prison job or risk losing privileges. Separately, Defendant inquires whether money seized from him when he was arrested should be deducted from the restitution amount ordered, as he claims it "was returned to its rightful owner."

The Government opposes Defendant's request to pause his restitution payments, indicating that the money is withheld pursuant to the Inmate Financial Responsibility Program (IFRP), which district courts lack the authority to manage. (ECF No. 99 at Pg ID 824-25 (citing *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004).) Alternative to the argument that this Court lacks jurisdiction to interfere with the IFRP, the Government maintains that the Bureau of Prisons is in the best position to evaluate Defendant's financial situation and set his payment schedule under the applicable regulations. With respect to Defendant's inquiry about an adjustment to the restitution order due to a previous payment to any victim, the Government seeks more time to ascertain whether that money was provided to a victim of the offense.

Pursuant to 18 U.S.C. § 3572, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately,

unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). This Court did not set a date certain or establish installments for Defendant to pay restitution. As such, the amount was due immediately. "'The immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately.'" *Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (quoting *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998))).

The BOP, through the IFRP, provides inmates a means to comply with the court directive and statutory requirement to pay "immediately." As the Sixth Circuit has described:

> The IFRP is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10). The program allows for the development of a financial plan that allows inmates to pay enumerated obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11.

*Callan*, 96 F. App'x at 300; *see also Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001) (same). An inmate may refuse to participate but this has repercussions. *Callan*, 96 F. App'x at 300 (citing 28 C.F.R. § 545.11(d) (explaining that "[t]he refusal by an inmate to comply with the provisions of his financial plan may result in up to ten possible punishments, including not receiving

3

bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status).

The Circuit Courts, including the Sixth Circuit, have held that the Bureau of Prisons may administer the collection of payments through the IFRP where the sentencing court orders immediate payment. *See, e.g., id.* at 301; *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998); *United States v. Caudle*, 261 F. App'x 501, 504 (4th Cir. 2008); *Bramson v. Winn*, 136 F. App'x 380, 381 (1st Cir. 2005). Circuit courts "have upheld the IFRP generally and against constitutional due process challenges" and the Sixth Circuit "has implicitly endorsed the program." *Weinberger*, 268 F.3d at 360 (citations omitted). The Sixth Circuit also has found "the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons." *Callan*, 96 F. App'x at 301. For these reasons, the Court lacks subject matter jurisdiction to direct the BOP to adjust Defendant's payments.

The Court may "adjust [a defendant's] *payment schedule* … as the interests of justice require" due to "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k) (emphasis added); *see also United States v. Holley*, No. 19-5492,

4

2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020). Section 3664(k) does not permit modification of "the overall *amount* of restitution[.]" *Holley*, 2020 WL 2316052, at *2. And the Court cannot modify a defendant's schedule when it did not set one in the first instance, as is the case here. *Id.* Lastly, Defendant does not identify a material change in his economic circumstances. He does state that having to give half of his check from Unicor on a *monthly* basis as opposed to $25 *quarterly* is a hardship. (ECF No. 97 at Pg ID 817-18.)

"A sentence that imposes an order of restitution is a final judgment[.]" 18 U.S.C. § 3664(o). Nevertheless, in § 3664(o), Congress authorized district courts to modify, adjust, or amend a sentence under limited provisions. *See id.* § 3664(o)(1)(A)-(D), (2). None of these exceptions apply here, however.[1] Restitution may be reduced to reflect "any amount later recovered as compensatory

---

[1] Rule 35 of the Federal Rules of Criminal Procedure provides for corrections for "arithmetical, technical, or other clear error," or a reduction in sentence for a defendant's substantial assistance in an investigation or prosecution. Fed. R. Crim. Pro. 35(a). 18 U.S.C. § 3742 governs sentencing appeals where the sentence was imposed in violation of law, was incorrect under the sentencing guidelines, was greater than the guideline range, or was imposed for an offense for which there is no guideline and is plainly unreasonable. 18 U.S.C. § 3742(a)(1)-(4). 18 U.S.C. § 3664(d)(5) permits the district court to revisit the restitution order where the victim subsequently discovers further losses. 18 U.S.C. § 3572 governs the ability of the district court to order fines in addition to or with restitution. Fines are not at issue here. 18 U.S.C. § 3613A enables the government to bring a civil lawsuit to enforce a judgment imposing a fine. 18 U.S.C. § 3565 governs the district court's ability to revoke a sentence of probation, and 18 U.S.C. § 3614 allows the court to resentence a defendant to any sentence that may have originally been imposed if the defendant fails to pay a fine or restitution.

damages for the same loss by the victim in … *any State civil proceeding* …" 18 U.S.C. § 3664(j)(2)(B) (emphasis added). This exception does not apply, either. Finally, 28 U.S.C. § 2241 provides a mechanism for a defendant to claim *inter alia* that a sentence is being executed in a manner that violates the Constitution or laws of the United States.[2] Defendant does not claim that the order of restitution or his payments thereunder are unlawful.

For these reasons, the Court concludes that it lacks jurisdiction to modify Defendant's restitution payments.

Accordingly,

**IT IS ORDERED** that Defendant's Motion Requesting Postponement of Restitution Payments (ECF No. 97) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: May 25, 2021

---

[2] The Sixth Circuit has held that a motion under 28 U.S.C. § 2255 may not be used to challenge fines or restitution orders as the statute only provides a remedy for a prisoner "claiming the right *to be released*." *United States v. Watroba*, 56 F.3d 28, 29 (1995) (quoting 28 U.S.C. § 2255(a)); *see also Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases). In any event, § 2255 is a mechanism for claiming that a sentence was imposed in violation of the Constitution or laws of the United States, *see* 28 U.S.C. § 2255(a), and Defendant does not raise such a challenge.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 25, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>Case Manager