UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                        Criminal Case No. 14-20191
                                                       Honorable Linda V. Parker

ERVIN ALLEN,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE (ECF NO. 101)

On May 5, 2015, Defendant Ervin Allen pleaded guilty pursuant to a Rule 11 plea agreement to use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and Hobbs Act robbery in violation of 18 U.S.C. § 1951. This Court sentenced Defendant to a term of imprisonment of 228 months on October 27, 2015. The matter is presently before the Court on Defendant's July 14, 2021 motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 101.) Defendant argues in the motion that changes in the law with respect to sentencing, which he claims would result in a shorter sentence if he was sentenced today, provide "extraordinary and compelling circumstances" warranting a reduction in his sentence.

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. Section 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020). The second requirement is omitted where an incarcerated individual, as opposed to the BOP, files a compassionate-release motion. *Jones*, 980 F.3d at 1108, 1111; *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Defendant previously filed a motion for compassionate release under § 3582, which the Court denied almost a year ago today. (ECF No. 96.) In that decision, the Court presumed that Defendant demonstrated extraordinary and compelling

2

reasons for release, that being Covid-19 and the increased risk of a serious outcome if he contracted the virus due to his chronic kidney disease. (*Id.* at Pg ID 814-15.) Nevertheless, the Court concluded that the factors in § 3553(a) did not support his release. (*Id.* at Pg ID 815-16.) Nothing has changed in the last year to warrant a different conclusion except that Defendant has served a greater percentage of his sentence.[1]

Therefore, even if changes in the law would result in a shorter sentence if Defendant was sentenced today, the Court continues to conclude that the § 3553(a) factors do not support his release.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reduction in Sentence (ECF No. 101) is **DENIED**.

**IT IS SO ORDERED.**

                                                         s/ Linda V. Parker
                                                         LINDA V. PARKER
                                                         U.S. DISTRICT JUDGE

Dated: February 4, 2022

---

[1] Defendant had served less than half of his 19-year sentence when the Court issued its January 28, 2021 decision. (*See* ECF No. 96 at Pg ID 815.) The additional year served does not alter the Court's assessment of the § 3553(a) factors.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2022, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan
                                              Case Manager