UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Case No. 14-20191
                                         Honorable Linda V. Parker

ERVIN ALLEN,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

On May 5, 2015, Defendant Ervin Allen pleaded guilty pursuant to a Rule 11 plea agreement to use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and Hobbs Act robbery in violation of 18 U.S.C. § 1951.  This Court sentenced Defendant to a term of imprisonment of 228 months on October 27, 2015.  Defendant has twice moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 87, 101), and this Court has denied both motions (ECF Nos. 96, 102.)  In both instances, the Court assumed without deciding that Defendant demonstrated "extraordinary and compelling circumstances" warranting a reduction in his sentence.  (*See* ECF No. 96 at Pg ID 814-15; ECF No. 102 at Pg ID 928.)  The Court nevertheless concluded that the

factors in 18 U.S.C. § 3553(a) did not support his release.  (*See* ECF No. 96 at Pg ID 815-16; ECF No. 102 at Pg ID 928.)

The matter is presently before the Court on Defendant's motion for reconsideration.  (ECF No. 103.)  In the motion, Defendant argues that the Court committed a palpable defect in not finding extraordinary and compelling circumstances warranting relief.  Defendant asserts that changes in the law constitute such circumstances.

Even if true, however, the Court's decision was based on the § 3553 factors.  The Sixth Circuit has held that "district courts may deny compassionate-release motions when *any* of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *United States v. Elias*, 984 F.2d 516, 519 (2021) (emphasis added).  Defendant does not argue that the Court committed a palpable defect in assessing the § 3553 factors.

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration (ECF No. 103) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 14, 2023

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 14, 2023, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager