UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 14-cr-20191
                                       Honorable Linda V. Parker

ERVIN ALLEN,

    Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION (ECF No. 105)

On May 5, 2015, Defendant Ervin Allen pleaded guilty pursuant to a Rule 11 plea agreement to use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and Hobbs Act robbery in violation of 18 U.S.C. § 1951. This Court sentenced Allen to a term of imprisonment of 228 months on October 27, 2015.

This matter is currently before the Court on Allen's January 7, 2025 motion for sentence reduction. (ECF No. 105.) Allen argues in his motion that changes in the law with respect to sentencing, which he claims would result in a shorter sentence if he was sentenced today, provide "extraordinary and compelling circumstances" warranting a reduction in his sentence given unfair sentencing disparities. The motion is fully briefed. (ECF Nos. 110, 111.)

This is Allen's third motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF Nos. 87, 101). The Court denied both prior motions. (ECF Nos. 96, 102.) In both instances, the Court concluded that the 18 U.S.C. § 3553(a) factors did not support Allen's release. (*See* ECF No. 96 at PageID.815-16; ECF No. 102 at PageID.928.)

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). For the purposes of this motion, the parties agree that Allen has exhausted his administrative remedies. (ECF No. 110, PageID.1145.)

Under the statute, a court may reduce a defendant's term of imprisonment if: (i) it finds that extraordinary and compelling reasons warrant such a reduction; (ii) it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020). The second requirement is omitted where an incarcerated individual, as opposed to the BOP,

2

files a compassionate-release motion. *Jones*, 980 F.3d at 1108, 1111; *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990). The Sixth Circuit has held that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.2d 516, 519 (2021).

Allen argues that the Court did not consider the § 3553(a) factors at sentencing. (ECF No. 105, PageID.962.) This is inaccurate. (ECF No. 62, PageID.348.) At sentencing, the Court explicitly considered the § 3553(a) factors and noted the seriousness of the offense as well as the trauma and mental health challenges Allen experienced throughout his life. (*Id.*)

For the purpose of the current motion, Allen's primary argument regarding the § 3553(a) factors is that his accomplishments while incarcerated demonstrate his rehabilitation and that his incarceration is no longer necessary to protect the public from further crimes. The Court reconsidered the § 3553(a) factors in its May 25, 2021, and February 4, 2022, orders addressing the previous motions for compassionate release and found that a sentence reduction was particularly inappropriate given the severity of the relevant offense. (ECF Nos. 96, 102.)

Again, assuming that Allen has shown extraordinary and compelling circumstances, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction or release. As was the case with the Court's prior order, the only change in circumstances is the passage of time, in this case almost three years since the Court's last order. The Court is sympathetic to the personal tragedies that Allen has suffered; however, Allen has not made a "compelling case" as to why the Court's prior assessment of the § 3553(a) factors is no longer accurate. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Therefore, after reconsidering the § 3553(a) factors and reviewing the documentation presented by Allen, the Court continues to conclude that the § 3553(a) factors do not support release or a sentence reduction.

Furthermore, this Court is constrained by the Sixth Circuit's decision in *United States v. Bricker*, No. 24-3286, 2025 WL 1166016 (6th Cir. Apr. 22, 2025) which found the U.S. Sentencing Commission's policy statement at U.S.S.G. § 1B1.13(b)(6) invalid. The *Bricker* court reaffirmed the holding of *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc), "that nonretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief." Finally, to the extent Allen's motion argues that his rehabilitation constitutes extraordinary and compelling reasons, this argument is foreclosed by the plain text of the statute. *See* 28 U.S.C. § 994(t).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reduction in Sentence (ECF No. 105) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 5, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 5, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager