UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 14-cr-20191
                                            Honorable Linda V. Parker

ERVIN ALLEN,

    Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 115)

On May 5, 2015, Defendant Ervin Allen pleaded guilty pursuant to a Rule 11 plea agreement to use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and Hobbs Act robbery in violation of 18 U.S.C. § 1951. Defendant has thrice moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF Nos. 87, 101, 104). The Court denied each of the prior motions. (ECF Nos. 96, 102, 113.) In each of these prior orders, the Court reconsidered the 18 U.S.C. § 3553(a) factors and concluded that they did not support Allen's release. (*See* ECF No. 96 at PageID.815-16; ECF No. 102 at PageID.928; ECF No. 113, PageID.1190.)

The matter is presently before the Court on Defendant's motion for reconsideration. (ECF No. 115.) In the motion, Defendant argues that the Court

committed a palpable defect in assessing the § 3553 factors and by failing to fully address the possibility that § 1b1.13(b)(5) provided an independent "extraordinary and compelling" basis for a sentence reduction.

The Court disagrees. First, the Court need not address all arguments raised as "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.2d 516, 519 (2021). Consequently, it was not error to decline to address § 1b1.13(b)(5) when the § 3553 factors independently provided grounds to deny the motion.

Second, in its order the Court specifically reconsidered the record and each of the § 3553 factors and found that Allen had not made a "compelling case" as to why the Court's prior assessments, including the analysis at sentencing, were no longer accurate. (ECF No. 113, PageID.1190.) Where it is clear the court "relied on the record when declining to modify" a sentence, "even a 'barebones form order'" may suffice to deny a motion for sentence reduction. *United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018)). Consequently, the Court is not persuaded there has been a palpable defect as to the consideration of the § 3553 factors.

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration (ECF No. 115) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 1, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 1, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager

3